JOHN G. KLEINHANS *et al.* Appellees, *vs.* EDWIN KLEIN-
HANS *et al.* Appellants.

*Opinion filed February 23, 1912—Rehearing denied April 3, 1912.*

1. WILLS—*section 13 of Conveyances act removes necessity for
using words of inheritance.* Since the enactment of section 13 of
the Conveyances act it has not been necessary to use words of in-
heritance in order to convey or devise a fee simple estate.

2. SAME—*when devise over will not take effect.* If there is a
devise *simpliciter* to one person and in case he should die (which
is inevitable) to another, the time of death referred to is before
the death of the testator, and if the first devisee survives the tes-
tator he takes an estate in fee and the devise over never takes
effect; but if the devise over refers to death connected with a
contingency which may or may not happen, the time of death re-
ferred to is at any time under the conditions named, either before
or after the testator's death, and the mere fact that the first devi-
see survives the testator does not vest the fee simple in him.

3. SAME—*when will creates only a life estate with a contingent
remainder.* A devise to the testator's wife for life and after her
death to the testator's son and daughter in equal shares, "and in
case of their death then to their children, only, and if no children
are left by them, then the survivor of my children shall inherit the
other's," creates in the son and daughter a life estate after the
death of the testator's wife, with remainder to those children of
the son and daughter who may survive their parents; and if either
life tenant dies leaving no children then the surviving life tenant
takes the entire life estate, and the children of such survivor, if
any there be, will take the whole estate in fee, but if no children
survive either life tenant then the fee becomes intestate estate.

APPEAL from the Superior Court of Cook county; the
Hon. THEODORE BRENTANO, Judge, presiding.

EDMUND W. FROEHLICH, for appellants.

GOLDZIER, RODGERS & FROEHLICH, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a decree of the superior court
of Cook county construing the last will and testament of
Jacob Kleinhans, deceased. Jacob Kleinhans died Janu-

ary 18, 1878, leaving a widow, Anna Maria Kleinhans, and two children, Johann G. Kleinhans and Anna M. Greifenhagen, him surviving. The two children of the testator are both living and each of them has children, who are appellants in this cause. The will of the testator provides in the first clause for the payment of all just debts and funeral expenses, and in the second clause the real estate of the testator is devised to his wife during her natural life. The third clause gives the wife all the personal property, of every kind and character. The fourth clause provides that the wife shall not sell or dispose of, by will, any of the real or personal property devised to her, and directs that certain income derived from loans made by the testator shall be used to give his son, Johann Georg Friedrich, a high school education and for the support of the children until they arrive at their majority. By the fifth clause the daughter, Anna Maria, is given $300, to be paid when she arrives at the age of eighteen years. The sixth clause is the one that is in question in this litigation, and is as follows: "After the death of my said beloved wife, Anna Maria, I give, bequeath and devise the rest, residue and remainder of my estate, real and personal, to my two children,—to my son, Johann Georg Friedrich, and to my daughter, Anna Maria Friedricke,—share and share alike, and in case of their death, then to their children, only, and if no children are left by them, then the survivor of my said children shall inherit the other's." The superior court held that under the sixth clause the son and daughter took an estate in fee and rendered a decree accordingly, to reverse which the grandchildren of the testator have prosecuted an appeal to this court.

The bill in this case avers, and the answer admits, that after the son and daughter attained their majority they executed quit-claim deeds to the widow, and it is admitted that the widow died intestate, leaving as her only heirs-at-law her son, Johann Georg Kleinhans, and Anna M., who

had married one Greifenhagen. The son and daughter of the testator claim the real estate in fee by descent from their mother. Whether this claim is well founded depends upon the construction to be given to the sixth clause of the testator's will. The first sentence of said clause, standing alone, would clearly pass a fee simple title to the son and daughter. That sentence reads as follows: "I give, bequeath and devise the rest, residue and remainder of my estate, real and personal, to my two children,—to my son, Johann Georg Friedrich, and to my daughter, Anna Maria Friedricke,—share and share alike." Since the enactment of section 13 of our Conveyance act it is not necessary that words of inheritance should be used in order to convey a fee simple estate. *Smith* v. *Kimbell,* 153 Ill. 368; *Metzen* v. *Schott,* 202 id. 275; *Hill* v. *Gianelli,* 221 id. 286.

Appellees insist, and the court below held, that the latter portion of clause 6 does not cut the fee simple estate down to a life estate in the primary devisees. The latter part of said clause, which appellants contend modifies the preceding clause, is as follows: "And in case of their death, then to their children, only, and if no children are left by them, then the survivor of my said children shall inherit the other's." We are unable to agree with the chancellor who tried this cause that the latter part of clause 6 has no effect upon the meaning to be given to the entire clause. The testator clearly intended to devise his estate in such way that his widow and his two children, and any grandchildren that he might thereafter have, would enjoy the benefit of his property to the exclusion of all other persons. He first provides for his widow by giving her a life estate in all of his property, both real and personal. He then provides that after the death of his wife his son and daughter should have the estate, share and share alike, and in case of their death, then to their children, only, and if no children are left by them, the survivor would take the entire life estate.

There is a well recognized distinction between a devise *simpliciter* to one person and in case he should die (which is inevitable) to another, and a devise over coupled with a contingency, such as die under age or unmarried, which may or may not happen. In the former case it is held that the time of death referred to is before the death of the testator, and under such a clause, if the primary devisee survives the testator he will take an estate in fee and the devise over will never take effect. (*Fifer* v. *Allen,* 228 Ill. 507.) But this rule has no application to a devise over which is connected with a contingency which may or may not happen. (*Fifer* v. *Allen, supra.*) In such case the time of death referred to is death at any time under the conditions named, either before or after the death of the testator. Under the clause of the will before us it is clear that the testator intended that his son and daughter should have a life estate, only, and the devise over of a remainder in fee was to such of their children as might be living at the time of the death of their parents, and in case either of said children of the testator died without leaving any child or children surviving them, then the survivor of the two children should take the entire life estate. The words, "in case of their death, *then* to their children, only," mean that the remainder to the grandchildren is contingent upon their surviving their parents. The word "then" in this connection is an adverb of time, and means "at that time." (*Strain* v. *Sweeny,* 163 Ill. 603.) This conclusion is further borne out by the next clause of the sentence, "and if no children are left by them."

This case is to be distinguished from cases where the expression "die without issue," and the like, is used, which is held to mean death without having had issue. Here only the children "left" at the death of the primary devisees can take, which is equivalent to saying, "such of their children as survive their parents shall take." The remainder, therefore, to the appellants is contingent and depends upon their

surviving their parents. While both of the appellees now have living children it is not impossible that the children may die before their parents, in which event the surviving brother or sister would take the share of the one dying without leaving children surviving.

In *Smith* v. *Kimbell, supra,* the will devised certain real estate to the testator's daughter, Sarah Jane Spears, and provided, "and should the said Sarah Jane Spears die leaving no heirs, I will and direct that all of the above described property shall be equally divided between my sisters," (naming them.) It was held that the word "heirs" in the clause quoted meant "children," and that the clause should be construed as though it read, "should the said Sarah Jane Spears die leaving no children at the time of her death." It was held in that case that the devise to Sarah Jane Spears was a base or determinable fee, subject to be divested upon her dying without leaving children at the time of her death. But the language of the will in the case before us cannot be construed as creating a base fee, for in no contingency does the estate of the testator's two children ever become anything more than a life estate in them. If either of them dies leaving children the estate vests in such children, and in case either should die leaving no children the life estate vests in the survivor, and upon the death of such surviving devisee, leaving children, such children would take the whole estate in fee. If both of the testator's children die leaving no child or children, the fee is not disposed of and would become intestate property.

It follows from what we have said that the court below erred in holding that the two children of the testator took a fee simple title under the sixth clause of the will.

The decree of the superior court of Cook county is reversed and the cause remanded, with directions to enter a decree in conformity with the views herein expressed.

> *Reversed and remanded, with directions.*