(No. 10929.)

John C. Gavvin, Appellee, *vs.* Ellen Carroll *et al.*— (Daniel Gavvin *et al.* Appellants.)

*Opinion filed December 21, 1916—Rehearing denied Feb. 8, 1917.*

1. Wills—*the grant of an executory devise operates to estop executory devisee from claiming under the devise.* A grant of an executory devise operates, in equity, by way of estoppel to prevent the executory devisee and his heirs from subsequently claiming the benefit of the devise.

2. Same—*a devise will remain a base or determinable fee until the condition happens.* Where a testator devises land to his son upon condition that if the son die without issue the property shall go to the testator's children surviving the son's death, the devise will remain a base or determinable fee in the son until his death, and the survival of his issue operates to change it into a fee simple.

3. Same—*executory devisees cannot, by grant of their interest, change a base fee into a fee simple.* Executory devisees who have an expectancy in case of the death of the testator's son without issue cannot, by granting such interest, defeat the provision of the will and the clearly expressed intention of the testator that the estate devised to the son should not be an unconditional fee unless he left issue surviving him.

4. Same—*when death of devisee without issue means death at any time.* Where a testator gives a life estate to his widow with

remainder over to his son, and "should he die without issue" then to the testator's children surviving the death of the son, the expression "die without issue" means die at any time without issue, and not merely during the life of the widow.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

LAWRENCE C. WHEAT, guardian *ad litem,* for appellants.

MILLS BROS., and McDAVID & MONROE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Macon county on a bill in chancery to remove cloud from and quiet title to forty acres of land. The land originally belonged to James Gavvin, who died testate May 28, 1895, leaving a widow and five children. By the second item of his will the testator gave all his property, real and personal, to his wife for and during her natural life, "and at her death to be disposed of as hereinafter provided." Item 3 reads:

"I will and bequeath to my son John Gavvin the southwest quarter (¼) of the southwest quarter (¼) of section thirty-two (32), township eighteen (18), north, range three (3), east of the third P. M., in Macon county, Illinois, subject to the provision contained in item 2 of this will, and should he die without issue, then the property devised to him in this item shall be equally divided among my surviving children at the time of his decease."

The bill was filed by John Gavvin, one of the testator's sons and the devisee mentioned in item 3 of the will. The bill alleged there had been much speculation and uncertainty as to what interest each of the children of the testator took under the will, and in 1898, to settle the uncertainty, complainant's brothers and sisters executed and delivered to complainant a conveyance, by warranty deed, of the land

described in the third item of the will. Said deed recited: "This conveyance is intended to convey, and does hereby convey, the present interest of the grantors and any future interest they may acquire by devise or inheritance." The widow of testator is dead, and since making the deed three of the children of the testator have died, leaving only complainant and Ella Carroll surviving. All of the deceased children of the testator left children surviving, who are made parties defendant to the bill. Ella Carroll, surviving sister of complainant, has one or more children. The bill alleges Ella Carroll has caused to be filed in the recorder's office of Macon county a notice that complainant is feeble-minded, not capable of making a legal conveyance of the land and warning all persons not to purchase it; that she once secured the appointment of a conservator for complainant, who was on petition of complainant removed and the property restored to complainant, and that said Ella Carroll is continually annoying and vexing complainant in the use and management of the land. The bill prays a decree declaring title to the land in fee simple in complainant and the removal of clouds therefrom. After answer by Ella Carroll and the minor defendants by guardian *ad litem,* the cause was referred to the master in chancery to take testimony and report conclusions. After hearing the evidence the master reported, recommending a decree granting the relief prayed. Exceptions by defendants to the report were overruled and a decree was entered that complainant is the owner in fee simple of the land, directing that his title be quieted, and enjoining defendants from bringing any suit or proceeding to enforce any alleged claim or interest in the real estate and from in any way molesting complainant or anyone claiming by, through or under him. This appeal is prosecuted by some of the minor defendants.

Complainant is deaf and dumb, fifty-one years old, but it does not appear whether he is married or single or whether he has any lawful issue.

Counsel for both parties agree that by the third item of James Gavvin's will the complainant took a base or determinable fee. The estate created by the will might endure forever, or it might be terminated by John Gavvin's death leaving no issue surviving him. If the condition upon which the estate was to become a fee simple absolute never happened,—that is, if John Gavvin died without issue,—the property would go, under the executory devise, to his brothers and sisters. If, however, John Gavvin died leaving issue, the executory devise over would be defeated and the title would be an unconditional fee in such surviving issue. The interest of the executory devisees is a mere expectancy during the life of John Gavvin. It is generally, though perhaps not universally, held that executory devises are alienable when the devisee is an ascertained person, but the authorities seem clear to the point that a grant of an executory devise operates in equity by way of estoppel to prevent the executory devisee and his heirs from subsequently claiming the benefit of the devise. (*Pitzer* v. *Morrison,* 272 Ill. 291; 2 Washburn on Real Property, 681.) It would seem to necessarily follow that the deed from the complainant's brothers and sisters must be held to estop them and their heirs from hereafter claiming the benefit of the devise. But does it follow because all right of the executory devisees to assert any title or interest under the devise has been terminated by the deed that this operates to enlarge the estate of complainant into a fee simple absolute? The condition imposed by the will, the happening of which would raise the estate from a base or determinable fee to a fee simple absolute, was that complainant should die leaving issue surviving him. If that event happened there was then nothing left of the estate for the executory devisees. It cannot now be known whether complainant will leave issue surviving him or not, but it is clear that the will does not give him an unconditional fee in the land. To make the fee absolute so as to defeat the devise over,

the will requires that issue of his must survive him. So long as there is a possibility of the condition happening upon which the estate devised to complainant will become a fee simple absolute the title of complainant is a base or determinable fee. The condition imposed by the will upon which the title was to become an unconditional fee could not be abrogated by the executory devisees, who were to take only in the event the estate was not enlarged into a fee simple by the death of complainant leaving issue surviving him. Until that event happened the estate was subject to the executory devise to the brothers and sisters of complainant. They might, before the condition happened upon which the executory devise over would take effect, by grant of their expectancy estop themselves and their heirs from claiming any benefit under the devise, but they could not, by their grant or any other act, defeat the provision of the will, and the clearly expressed intention of the testator, that the estate devised to complainant was not an unconditional fee and could never become so unless he left issue surviving.

We cannot agree with the contention that the death of appellee without issue means his death during the life of the widow, the life tenant. We think, under the authority of *Fifer* v. *Allen,* 228 Ill. 507, and cases there cited, a proper construction of the will means the death of appellee without issue at any time.

Our conclusion therefore is that the brothers and sisters of complainant by their deed have barred themselves and their heirs from ever claiming any title or interest by virtue of the devise over to them, but this deed did not change the estate of complainant created by the will from a base fee to a fee simple absolute. It might be otherwise if it had become impossible for the condition to happen upon which the estate was to be enlarged to a fee simple, but the possibility of the condition happening will exist until extinguished by the death of the complainant. (*Gannon* v. *Peterson,* 193 Ill. 372.) Until that event happens the estate

devised complainant will continue, as the will created it, a base or determinable fee. If that event never happens and complainant dies without issue then the land will go to the testator's heirs as in case of intestacy.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*