(No. 12466.—Decree affirmed.)

SARAH SMITH et al. vs. ELLEN CARROLL et al. Appellees.—

(JAMES GAVVIN, Appellant.)

*Opinion filed December 18, 1918.*

1. DEEDS—*grantor cannot attack a title he has covenanted to maintain.* Where a person executes a deed with covenants of warranty, not then having the estate he attempts to convey, if the estate is subsequently acquired by him it will inure to the benefit of the grantee by way of estoppel.

2. SAME—*rule of estoppel by warranty deed applies to executory devise.* Where executory devisees who are to take as survivors in the event the first devisee shall die without issue, execute warranty deeds to such devisee conveying any present interest they have in the land and any further interest they may acquire by devise or inheritance, those who survive the event upon which the executory devise is to take effect are estopped to claim thereunder as against the heirs or devisees of the grantee.

3. SAME—*when deed conveys no present estate.* A deed conveying a future interest where the persons to whom the estate is to pass are not ascertainable before the happening of the event upon which the interest is to vest conveys no present estate.

APPEAL from the Circuit Court of Macon county; the Hon. W. K. WHITFIELD, Judge, presiding.

MILLS BROS., and LEFORGEE, BLACK & SAMUELS, for appellant.

CARL N. WEILEPP, and HERRICK & HERRICK, for appellee William H. Conn.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James Gavvin died on May 28, 1895, leaving a will, by which he devised by item 2 a life estate in all his property to his widow, Sarah Gavvin, and by item 6 devised to his son Patrick Henry Gavvin the northeast quarter of the southeast quarter of section 31, township 18, range 3, in Macon county, subject to the life estate of the widow and subject to a right of way sixteen feet wide for the use of

the owner of premises devised in another item, and provided that if the devisee should die without issue then the property devised to him should be equally divided among the surviving children of the testator. The testator left five children,—Mary Malloy, Philip Gavvin, Patrick Henry Gavvin, John Gavvin and Ellen Carroll. On October 19, 1898, the children exchanged warranty deeds for the purpose of confirming their respective titles to the tracts of land devised to them severally, and the brothers and sisters of Patrick Henry Gavvin executed their warranty deed to him for the tract above described, conveying any present estate of the grantors and any further interest that they might acquire by devise or inheritance. On the same date Sarah Gavvin, the widow, executed her quit-claim deed to Patrick Henry Gavvin for the premises, reserving an annuity to herself, and on September 13, 1904, she executed a further quit-claim deed without a reservation. Philip Gavvin died intestate October 26, 1904, leaving a widow and children as his only heirs-at-law. Patrick Henry Gavvin died June 29, 1910, without issue, having never been married, and leaving a will directing his executor to sell and dispose of his estate and to divide any balance remaining after the payment of costs, charges and encumbrances as follows: one-fourth to his sister Mary Malloy; one-fourth to his sister Ella Carroll; one-fourth to John Gavvin, and the remaining one-fourth to the children of his deceased brother, Philip Gavvin, living at the date of his death. After the death of Patrick Henry Gavvin, when the event had occurred upon which the executory devise took effect, John Gavvin, Mary Malloy and Ella Carroll, and Sarah Gavvin, the widow, conveyed by quit-claim deed all interest in the premises to James W. Carroll, executor of the will of Patrick Henry Gavvin, and Carroll, as such executor and in his own right, conveyed the premises to William H. Conn. Sarah Smith and others filed their bill for partition in this case in the circuit court of Macon county, claim-

ing as heirs-at-law of James Gavvin that the real estate descended to such heirs as intestate estate. The bill was answered, and replication having been filed the cause was referred to a special master to take and report the evidence, with his conclusions. The master reported the evidence, with the conclusion that the grantors and their heirs were estopped to claim any interest, either as executory devisees or residuary devisees, and that the legal title had passed to William H. Conn. He recommended that the bill should be dismissed for want of equity, and the chancellor having overruled exceptions to the report, entered a decree in accordance therewith. James Gavvin, one of the complainants, son of Philip Gavvin, deceased, prosecuted this appeal.

In the will of James Gavvin there was a devise to his son John Gavvin of another 40-acre tract of land in the identical words of the devise to Patrick Henry Gavvin of the land now in question, and John Gavvin filed a bill to quiet his title and for the removal of clouds therefrom. A decree having been entered granting the relief prayed for, the construction of the will was before this court in *Gavvin* v. *Carroll*, 276 Ill. 478, where it was held that the devise to John Gavvin was of a base or determinable fee; that the grantors who had interchanged warranty deeds, and their heirs-at-law, were estopped from claiming under the executory devise, but that the estate devised would remain a base or determinable fee until his death and a survival of his issue should operate to change it into a fee simple. It was further said that if the event which would convert the base or determinable fee into a fee simple should never happen the land would go to the testator's heirs as in case of intestacy, but the question who would have the estate if it did not become a fee simple was not within the scope of the inquiry as to the title of John Gavvin. In this case the event upon which the executory devise was to take effect has occurred and the question where the title now is is directly involved.

A conveyance of a future interest where the persons to whom the estate is to pass are not ascertainable before the happening of the event upon which the interest is to vest conveys no present estate. In this case the survival of the executory devisees at the death of Patrick Henry Gavvin was a condition of the executory devise, and the death of Philip Gavvin before the event prevented the executory devise as to him from ever coming into possession, so that his deed conveyed nothing. The other children survived the death of Patrick Henry Gavvin without issue, which was the event upon which the executory devise was to vest. They had executed the deed with covenants of warranty, and if one executes a deed with such covenants, not then having the estate which he attempts to convey and subsequently acquires the estate, it will inure to the benefit of the grantee by way of estoppel. A grantor will not be allowed to attack a title the validity of which he has covenanted to maintain. *Rigg* v. *Cook,* 4 Gilm. 336; *D'Wolf* v. *Haydn,* 24 Ill. 526; *King* v. *Gilson,* 32 id. 348; *Cassell* v. *Ross,* 33 id. 244; *Gochenour* v. *Mowry,* id. 331; *Wadhams* v. *Gay,* 73 id. 415; *Gibbons* v. *Hoag,* 95 id. 45; *Pratt* v. *Pratt,* 96 id. 184; *Holbrook* v. *Debo,* 99 id. 372; *Wadhams* v. *Swan,* 109 id. 46; *Grand Tower Mining Co.* v. *Gill,* 111 id. 541; *Walton* v. *Follansbee,* 131 id. 147; *Way* v. *Roth,* 159 id. 162; *Golladay* v. *Knock,* 235 id. 412.

The above rule of law applies to a conveyance of an executory devise. *Williams* v. *Esten,* 179 Ill. 267 was a typical case of such a devise. Thomas Esten devised his land to his widow for her natural life and after her death to go to his son, Aurelian Esten, and Theodocia Alice Jenkins Esten, and it was provided that in case of the death of said Aurelian Esten without heirs born unto him all the property devised unto him should be devised and given unto Theodocia Alice Jenkins Esten. The executory devisee had executed a release deed of her interest to Aurelian, and it was held that Aurelian became vested with the fee

of the lands devised to him, determinable upon his death without children; that during the life of Aurelian the interest of his sister, Theodocia, was contingent upon her surviving him and also upon his death without children, and that having conveyed the land Theodocia could not be allowed to set up against her grantee, or those claiming under him, a subsequently acquired title, but such title would inure by way of estoppel for the benefit of the grantee, his heirs and assigns. The cases there cited were cases of executory devises. *Smith* v. *Pendel,* 19 Conn. 107, was a case of a devise to a grand-daughter, but if she should die leaving no natural heirs the same was to go to a daughter-in-law. *Miller* v. *Emens,* 19 N. Y. 384 was a case of a devise to three sons and four daughters in equal parts, with a provision that if either should die without lawful issue his or her share should be divided among the survivors. No distinction has been made between future contingent interests, whether in form of a remainder or of an executory devise, so far as the inuring of after-acquired title is concerned. The deed to Patrick Henry Gavvin was in the statutory form of a warranty deed, and the statute provides that by such a deed the grantor warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of the premises and will defend the title thereto against all persons who may lawfully claim the same, and that such covenants shall be obligatory upon any grantor, his heirs and personal representatives. The deed expressly declared an intent to transfer future interests. The heirs of Philip Gavvin had no title, because he died before the death of Patrick Henry Gavvin, and the children of the testator who survived Patrick Henry Gavvin when the executory devise took effect were estopped to claim any title, and the estoppel was one which inured to the benefit of the grantee, Patrick Henry Gavvin, his heirs and devisees.

The decree is affirmed.          *Decree affirmed.*