(80 South. 218)

No. 22539.

Succession of CANTON.

(June 29, 1918. Rehearing. Denied Dec. 2, 1918.)

*(Syllabus by the Court.)*

1. WILLS ☜754, 767—"SPECIFIC LEGACY" — ADEMPTION.

A bequest framed in the language, "I hereby leave to ――― eleven thousand dollars—$11,000.00—represented by bonds of Louisiana fours and bonds of New Orleans City Railway & Light Co.; and will be found in a sealed envelope bearing inscription in her favor in box in [named] bank," is a specific, and not a general, or demonstrative legacy, which is adeemed, or lost, pro tanto, or wholly, as the designated bonds have been found to have been, in part, or wholly, withdrawn by the testatrix from the specified receptacles, and the general estate is not liable for the loss or deficit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Specific Legacy.]

2. WILLS ☜440 — CONSTRUCTION — INTENTION OF TESTATOR.

It is the duty of a court to seek the intention of a testator, and, if it can be ascertained, to give it effect, if that be legally possible; but a court cannot make a will for a person deceased, nor substitute for the method selected by such person one of its own for carrying into effect the purpose of the will which he has made and left for execution.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Petition by the executor of Mrs. Leocadie de Lesseps Canton, deceased, for interpretation of certain parts of her will, opposed by Ruth Edwina Baldwin, legatee. From the trial court's construction of the will, the legatee appeals. Affirmed.

McCloskey & Benedict, of New Orleans, for appellant.

Farrar, Goldberg & Dufour, of New Orleans, for appellees Fernandez and others.

Roger Meunier, of New Orleans, for appellee executor.

T. M. Gill, of New Orleans, for appellee Germaine Lesseps.

Statement of the Case.

MONROE, C. J. The executor filed a petition requesting the trial court to interpret two paragraphs of the last will of the decedent, which having been done, the question of the correctness of the interpretation placed upon one of them has been brought up for review by the appeal of the legatee therein named. The paragraph in question reads as follows:

"I hereby leave to Ruth Edwina Baldwin eleven thousand dollars—$11,000.00—represent-

ed by bonds of Louisiana fours and bonds of New Orleans City Railway and Light Co., and will be found in a sealed envelope bearing inscription in her favor in box in Whitney Central National Bank."

The trial judge held it to import a special legacy, and that the legatee was entitled to nothing more than the bonds of the issues mentioned, found in the place designated, though they were of less value than $11,000. The contention on behalf of the legatee is, that the paragraph imports a demonstrative, and not a specific, legacy; in other words, that it is a legacy of $11,000, charged upon designated bonds, but which does not relieve the general estate from liability, and that, as the bonds found in the place designated are insufficient in value to pay the legacy, the difference should be paid from the general estate. Certain evidence has been introduced as tending to throw light upon the intention of the testatrix, from which it appears that, at one time, prior to the date of the will, she owned and possessed eleven bonds of the issues mentioned by her, each of the par value of $1,000, which were inclosed in an envelope, bearing an inscription in favor of the legatee and deposited in a box in the vault of the Whitney Central National Bank, of which deceased was the lessee, and that, at one time, subsequent to the date of the will, such bonds were in a similar envelope, deposited in a box in the Canal Louisiana Bank & Trust Company, it being shown that she had, in the meanwhile, surrendered the one box and rented the other; but, though it is possible that she may, for a while, have had both boxes at the same time, it does not appear that, on the day that the will was executed, she had in either bonds such as are mentioned in the will of the par value of $11,000, whether inclosed in an envelope bearing an inscription or otherwise.

The evidence to which we refer consists, in part, of the envelopes, or major portions of the envelopes, thus mentioned, with the inscriptions upon them, shown to be in the handwriting of the testatrix. One of them (Exhibit 1) was found, after the death of the testatrix, in or upon her desk, the others were found in her box in the Canal Bank (as we may call it, for the sake of brevity), which was the only box that she was renting when she died. The will bears date November 15, 1910; the testatrix died in May, 1915; the exhibits may be described as follows: Exhibit 1 consists of one fold of what may have been a long manila envelope, bearing the following inscription, and no date, to wit:

"$8,000.00 of New Orleans City Railway— January 1st and July 1st. In case of death on my part, this envelope and all it contains will be turned over to Mrs. Hattie Ruth Howe Baldwin, as property of her daughter, Ruth Edwina Baldwin. Int. of same to be used to educate this child and the capital to be turned over to Ruth at her 21st birthday—Dec. 31st, 1922."

Exhibit 3 consists of two folds of a similar envelope, slit open at both ends (so that the end folds are missing), and on one side bearing upon one corner the title, in print, of the Whitney Bank (as we shall call it), with the usual notice to return if not delivered, etc., and, on the same surface, the following inscription:

"Five bonds La. fours & $6,000.00, six thousand dollars, of New Orleans City railway bonds—(January 1st & July 1st, Int. due). In case of death on my part this envelope and all it contains will be turned over to my niece, Mrs. Hattie Ruth Howe Baldwin—as property placed in her charge (as property of her daughter, Ruth Edwina Baldwin. Int. of same to be used to maintain and educate this child and the capital to be turned over to same Ruth Edwina Baldwin at her twenty-first birthday, Dec. 31st, 1922. Written and signed by myself.
"N. O. April 15th, 1910.
         "Mrs. E. de Lesseps Canton."

On the face of the flap and other fold, to which it still adheres, there appears, in the handwriting of the testatrix, the following:

"One bond pledged March 15th, 1911 is this day returned to this envelope by myself.

"E de L. C. July 8th.

"March 15th, 1911. "One of these $1000.-00 bonds is pledged at the bank and must be returned to this envelope." O. K.

The "O K" is probably not in handwriting of testatrix, nor is the following:

"Sept. 16/11. Withdrew two N. O. City R. R. bonds #695 and 696 and pledged same with the Canal La. Bank & Trust Co., against D/note. $2,000.     J. F. Couret.
               "Mrs. C. C. Baldwin."

It is shown that J. F. Couret was an officer of the Canal Bank, and Mrs. C. C. Baldwin was Mrs. Hattie Ruth Howe Baldwin, niece of the testatrix, and mother of legatee, appellant herein.

. Exhibit 4 consists of one fold of an envelope, with title of Whitney Bank, and notice to return if not delivered on corner, also figures and inscriptions in handwriting of testatrix showing that envelope once contained "5 bonds Louisiana new consols, $1,000.00 each, and one Pontchartrain levee bond of $500.00." There are also inscriptions in the handwriting of others, showing withdrawal of bonds, among which is the following:

"August 29/10. Withdrew bond #2455 as per her order, dated this day and given to Whitney Cent. Bank, say, bond of one thousand dollars.              J. F. Couret.
"In the presence of Mrs. C. C. Baldwin."

This exhibit is here referred to merely as showing that, as late as "August 29/10," the testatrix still retained her box in the Whitney Bank, or was under that impression, though she was obtaining loans from, and pledging her securities to the Canal Bank, and as indicating that the same condition may have existed on November 15th following, when she made her will.

Exhibit 2 consists of two folds of an envelope, similar to Exhibit 4, upon one of which, being that intended for the address, is the inscription, in the handwriting of the testatrix:

"Five bonds La. fours and five [originally written, "six"] thousand dollars of New Orleans City Railway bonds Jan. 1st and July 1st Int. due."

And then follow instructions practically identical with those on Exhibit 3, after which are the words "written and signed by myself," the signature of the testatrix, and the date "January 22, 1912." On the face of the other fold, to which the flap adheres, there is written:

"Opened by Mrs. L. de L. Canton. One of [the word "these" is here written, but with a line drawn through it] bonds alike to these N. O. C. R. is pledged to the bank and must be remitted to same Ruth Edwina Baldwin's legacy, making in all eleven thousand dollars.
              "L. de L. Canton."

On the reverse there appears, without date or signature, but in the handwriting of the testatrix, the following:

"Bonds #384 and 1244 are herein inclosed. I took out four bonds this year (April, May, August, October) and one of September last."

After the death of the testatrix there were left in the envelope but two bonds, being bonds of the New Orleans City Railway Company, of the par value of $1,000 each. Mrs. Baldwin testifies that the others had been withdrawn and sold in order to provide for the testatrix during her illness and pay her living expenses. It is shown that the legatee now before the court has lived with her great aunt since she was an infant, and that the latter was devotedly attached to her.

Opinion.

[2] We agree with the learned counsel for the appellant that it is the duty of a court, in interpreting a last will, to seek the intention of the testator, and, if it can be ascertained, give it effect, if that be legally possible. A court cannot, however, make a will for a person deceased, nor substitute for the method selected by such person a method of its own for carrying into effect

the purpose of the will which he has made and left for execution.

[1] We also agree with the learned counsel that it was the intention of the testator whose last will we are considering to make financial provision for the appellant to the extent, in value, of $11,000, but we are unable to concur in the view that she intended to bequeath her $11,000. Her clearly expressed intention, as we think, was to leave her little niece certain bonds, to be found in a designated place, which, in her opinion, represented $11,000 safely invested, the interest upon which was to pay for her education, and the principal to be delivered to her upon her attaining her 21st birthday. The inscription upon each of the envelopes reads:

"This. envelope and all it contains will be turned over to," etc.

Upon the envelope (Exhibit 3) bearing the inscription of date April 15, 1910, she has, under date March 15, 1911, expressed her intention as to the manner in which a bond that had been withdrawn from that envelope should be made good, not by replacing its value in money, but by returning the bond, and on July 8th following she herself returned it, and made an inscription declaring that she had done so. And so, with regard to Exhibit 2, after writing, dating, and signing thereon an inscription to the effect that there were five Louisiana state 4 per cent. bonds and six (subsequently changed to five) New Orleans City Railway bonds of $1,000 each inclosed therein, which were to be "turned over," etc., for the benefit of the appellant, she upon a subsequent occasion, the date of which does not appear, but which was no doubt coincident with the change of the number six to five, in the main inscription, added the instruction:

"One of these bonds alike to these N. O. R. C. is pledged at the bank and must be remitted to the same Ruth Edwina Baldwin's legacy, making in all eleven thousand dollars.
                              "E. de L. Canton."

Her intention, therefore, was, not that the place of the withdrawn bond should be filled by a deposit in the envelope of $1,000 in money, but by returning the bond, which had been pledged, or probably sold, or another of the same kind. With such corroboration, even if it were needed, of the idea conveyed by the language of the will, we cannot escape the conviction that it was the intention of the testatrix to make a special legacy of bonds, representing $11,000, and to be found in a sealed envelope, etc., the language being:

"I hereby leave to Ruth Edwina Baldwin eleven thousand dollars, represented by bonds of Louisiana fours and bonds of New Orleans City Railway & Light Co., and will be found in a sealed envelope bearing inscription in her name in box at Whitney Central National Bank."

The authorities, we find, abundantly support the view thus expressed. Roman Catholic Church v. Miller, 5 Mart. (N. S.) 101; Succession of Batchelor, 48 La. Ann. 278, 19 South. 283; Stilphen, Appellant, 100 Me. 146, 60 Atl. 888, 4 Ann. Cas. 158, and note; Snyder's Estate, 217 Pa. 71, 66 Atl. 157, 11 L. R. A. (N. S.) 49, 118 Am. St. Rep. 900, 10 Ann. Cas. 488, and notes. It is therefore ordered and decreed that the judgment appealed from be affirmed, at the cost of the appellant.

PROVOSTY, J., concurs in the decree.