(No. 13053.—Decree affirmed.)

Robert McKie *et al.* Defendants in Error, *vs.* John C. Collinson *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1920.*

1. Wills—*parol evidence is not admissible to explain a patent ambiguity.* If there is an ambiguity appearing on the face of a will and it cannot be determined from the language employed by the testator to whom the devise was intended to be made, the omission cannot be supplied on parol evidence of the testator's intention.

2. Same—*will cannot be reformed on ground of mistake.* The statute requires a will to be in writing, and courts of chancery have no power to add to or reform a will on the ground of mistake.

3. Same—*when language of a will manifests intention of testator although there is an apparent omission.* Where a testator gives all the residue of his personal property to his wife after payment of debts, and immediately following, in the same clause, writes, "Further I give to my the following real estate," the use of the word "further" manifests the intention of the testator to devise such real estate to his wife, although there is an apparent omission after the word "my."

Writ of Error to the Circuit Court of Knox county; the Hon. George W. Thompson, Judge, presiding.

Marsh & Rice, for plaintiffs in error.

Williams, Lawrence, Green & Gale, for defendants in error.

Mr. Justice Cartwright delivered the opinion of the court:

Jannette Collinson, of Knox county, died on April 11, 1912, leaving a last will and testament, by which she provided for the sale of the northeast quarter of section 24, township 13, range 3, in that county, and a division of the proceeds among her brothers and sisters or the children of any who might be dead at the time of her decease, and in default of a child or children of either, his or her share was to be divided equally among the survivors. She also

devised to Thomas McClure a life estate in the west half
of the northeast quarter of section 30, township 13, range 4,
in said county, with remainder to his children in fee. The
will was admitted to probate by the county court of Knox
county, and the executor and devisees filed their bill in this
case in the circuit court of Knox county to quiet their title
to the real estate, alleging that Jannette Collinson derived
title thereto by the third paragraph of the last will and tes-
tament of her husband, Henry G. Collinson, deceased, but
in the third paragraph the word "wife" was omitted, and
owing to said imperfection a cloud rested upon their title
and interest. They prayed that the third paragraph should
be construed and interpreted to devise said real estate to
Jannette Collinson and that she be decreed to have derived
title to the real estate under that paragraph. The heirs-
at-law of Henry G. Collinson were made defendants and
answered the bill, denying that Collinson by the third par-
agraph of his will devised the real estate to Jannette Col-
linson and alleging that the same descended as intestate
property, and Collinson having no child or children or de-
scendants, one-half the real estate descended to the widow,
Jannette Collinson, and the rest to his heirs-at-law, subject
to dower and homestead rights therein of said widow. The
defendants also filed a cross-bill, making the same averments
as their answer and praying for partition. The cross-bill
was answered and the issues were referred to the master
in chancery to take and report the evidence with his con-
clusions. The master took and reported the evidence with
his findings of fact in accordance with the averments of
the original bill, and recommended a decree in accordance
therewith and that the cross-bill should be dismissed for
want of equity. Exceptions to the master's report were
overruled and a decree was entered construing the will of
Henry G. Collinson as devising the real estate to his wife,
Jannette Collinson, and dismissing the cross-bill. The rec-
ord has been brought to this court by writ of error.

Henry G. Collinson executed his will on April 6, 1887, formally divided into five paragraphs, noted on the margin First, Second, Third, Fourth and Fifth. He died on May 5, 1887, leaving surviving him his wife, Jannette Collinson, and no children or descendants. Upon notice to heirs, legatees and devisees the will was admitted to probate by the county court of Knox county on May 10, 1887. Jannette Collinson thereupon took possession of the real estate as devisee under the will and occupied the same as such owner for twenty-five years, until her death. The will down to the end of the third paragraph, which relates to the real estate in question, is as follows:

"I Henry G Collinson of Walnut Grove County of Knox and State of Illinois do make and declare this to be my last will and testament

"First I direct that my funeral expenses and all my just debts be fully paid

"Second I hereby direct that sufficient of my personal property be sold at public or private sale as my executor deem best to pay the expenses of administration and funeral expenses

"Third I give to my beloved wife Jennette Collinson all the residue and remainder of my personal property left after paying my debts as mentioned in the 2n section of this will  Furter I give to my the following real estate The northeast quarter of section twenty-four (24) in township thirteen north, range three east of the 4th P M  Also the west half of the northeast quarter of section thirty in township thirteen north range four east of the 4th P M 80 acres Further the following described lot a piece of land on which I now reside described as follows Commencing at the northeast corner of the west half of the northeast quarter of the southwest quarter of section fifteen (15) in township thirteen north range three east of the 4th P M and running west sixteen (16) rods and twenty-three links thence south twenty rods thence east sixteen rods and twenty-three links

thence north twenty rods to the place of beginning. All the above described lands lying in the county of Knox and State of Illinois."

The will was without punctuation but was divided, as stated, in separate paragraphs, and by the fourth the testator provided for the sale by his executor of about 224 acres of land within three years and a division of the proceeds among the legal heirs of his brothers and sisters then living, after the payment of legacies amounting to $400, given to a half-brother, a nephew and a namesake, and the rents and income were to be paid to his widow until the sale should be made. By the fifth paragraph Jannette Collinson and L. K. Byers were appointed executors.

The controversy is over the following language used in the third paragraph, "Furter I give to my the following real estate," and its solution depends upon the question whether there is a patent ambiguity on the face of the will which can only be removed by supplying something not in the will. If there is such an ambiguity and it cannot be determined from the language employed by the testator to whom the devise was intended to be made, the omission cannot be supplied. This was decided in *Engelthaler* v. *Engelthaler,* 196 Ill. 230, where that particular question was involved. In that case the testator devised all his property, after the payment of funeral expenses and debts, to his wife, Anna Engelthaler, and in attempting to devise the remainder omitted the name of any devisee. The statute requires a will to be in writing, and courts of chancery have no power to add to or reform a will on the ground of mistake. (*Decker* v. *Decker,* 121 Ill. 341; *Bingel* v. *Volz,* 142 id. 214; *Williams* v. *Williams,* 189 id. 500.) The court, following that rule, said that the intention to be sought for in the construction of a will is not that which existed in the mind of the testator but that which is expressed by the language of the will, and that parol evidence cannot be admitted to explain or clear up an ambiguity appearing

on the face of the will itself, therefore the attempted devise of a remainder after the life estate of Anna Engelthaler failed and the property was intestate estate. In *Bond* v. *Moore*, 236 Ill. 576, a life estate was given to Lester Curtis and if he should die without children the remainder was devised, but nothing was said as to the disposition of the remainder if Lester Curtis should have children. The court said that any reasonable construction will be adopted consistent with the terms of the will so as to dispose of the entire estate, but where no intention is shown by the will as to the disposition of a part of the testator's property it must be regarded as intestate, and that a gift by implication must be founded upon some expression in the will and cannot be inferred from an absolute silence on the subject. In numerous other cases it has been held that parol evidence cannot be admitted to explain an ambiguity which appears on the face of the will. *Pennsylvania Co.* v. *Bauerle*, 143 Ill. 459; *Graves* v. *Rose*, 246 id. 76; *Karsten* v. *Karsten*, 254 id. 480; *Rodisch* v. *Moore*, 257 id. 615; *Jordan* v. *Jordan*, 281 id. 421.

The question in this case, therefore, is, what intention as to the disposition of real estate is manifested by the words employed by the testator? He first gave to his wife all the residue and remainder of his personal property left after payment of debts, and in the same paragraph further devised the real estate without again naming her. "Furter," used by the testator as an adverb, meant, in addition, "also" or "likewise," and the language employed plainly manifested an intention to make a further devise of the real estate for the wife. The words used were equivalent to a bequest of the residue and remainder of the personal property of the testator after the payment of debts, and in addition the real estate. Words of false description may be stricken out if thereby the intention of the testator is plain, but in this case there is no word of false description and there is nothing to be added to or subtracted from the

language used, which plainly manifests the intention of the testator.

The conclusion of the chancellor was in accordance with the law, and the decree is affirmed.   *Decree affirmed.*