May J. Evans *et al.* Appellants, *vs.* Gregory T. VanMeter, Admr., *et al.* Appellees.

*Opinion filed February 18, 1926.*

1. WILLS—*courts favor vesting estate in first donee.* Where there is nothing in the will to show a contrary intention the courts will so construe the will as to give an estate of inheritance to the first donee.

2. SAME—*estate in fee will not be cut down by subsequent ambiguous clause.* Where the language of a will is sufficient to vest in the testator's widow an absolute estate in fee simple, the estate granted will not be cut down to a life estate by the subsequent ambiguous expression that "in default of her death all shall go" to another devisee, but such expression will be held to mean "in the event of," rather than "at her death."

3. SAME—*extrinsic evidence is not admissible to explain patent ambiguity.* Extrinsic evidence cannot be considered to explain an ambiguity which appears upon the face of the will.

4. SAME—*when devise over depends on death of devisee in testator's lifetime.* A devise over in the event of the death of the first devisee, without any further expression in the will as to the time or conditions surrounding such death, does not take effect unless death of the first devisee occurs in the lifetime of the testator.

FARMER and DUNCAN, JJ., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. Oscar Hebel, Judge, presiding.

FINNEGAN & BLUMENTHAL, and LOUIS C. HORNER, for appellants.

VAIL, ROE & PLAMONDON, (C. AMBROSE PLAMONDON, of counsel,) for appellee Gregory T. VanMeter, Admr.

E. C. MAPLEDORAM, for appellee John Levin.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Richard C. Holland died testate June 1, 1917, leaving Mary E. Holland, his widow, surviving. At the time of his death he owned a small lot in the city of Chicago, subject to a trust deed to secure a promissory note for $2500. His will, dated March 12, 1915, is as follows:

"Being sound in mind and body I write this as my last will and testament. That all I possess real and personal, shall pass to my wife, Mary E. Holland.

"In default of her death all shall go to John M. Evans of Evansville, Wisconsin, his heirs or assigns, I recognize no other heirs.
                    "Signed by myself
                                        R. C. HOLLAND. (Seal)"

Upon his death this will was duly admitted to record in the probate court of Cook county. Mary E. Holland died testate June 20, 1921, leaving no known heirs. By her will, dated December 27, 1902, which was duly probated, she devised all her property to the same John M. Evans. Subsequent to the death of Richard, and prior to the death of Mary, Evans died intestate January 7, 1918, leaving appellants as his only heirs. Upon the death of Evans, who was not related to testatrix, the devise to him lapsed. Subsequent to the death of testatrix the trust deed was foreclosed. November 1, 1922, appellants filed their bill in the superior court, asking that the will of Richard C. Holland be construed and that they be declared to be the owners of the real estate of which he died seized, subject to the trust deed. The bill was answered by Gregory T. VanMeter,

administrator of the estate of Richard and of the estate of Mary, and by John Levin, the purchaser of the lot at the foreclosure sale, who, with the unknown heirs of Mary, were made defendants, and a hearing was had. The bill was dismissed for want of equity, and this appeal followed.

Appellants contend that the words "in default of her death," used in the will of Richard C. Holland, mean "at her death," and that by his will the testator gave his wife a life estate, and his cousin, the father of appellants, the remainder in fee. We cannot agree with this contention. The language used in the second sentence of the will of the testator is sufficient to invest his widow with an absolute estate in fee simple, (*Becker* v. *Becker,* 206 Ill. 53,) and where there is nothing in the will to show a contrary intention the courts will give the will that construction which will give an estate of inheritance to the first donee. (*Reed* v. *Welborn,* 253 Ill. 338.) Where an estate in fee simple is given by one clause of the will it cannot be cut down or taken away by a subsequent clause except by clear and unambiguous language. (*Drager* v. *McIntosh,* 316 Ill. 460; *Melies* v. *Beatty,* 313 id. 418; *Wiltfang* v. *Dirksen,* 295 id. 362.) The ambiguity in this will appears upon its face, and the law is well settled that extrinsic evidence cannot be considered to explain such a patent ambiguity. (*McKie* v. *Collinson,* 292 Ill. 458; *Karsten* v. *Karsten,* 254 id. 480.) If any meaning is to be given the malapropism of the testator, then it must be held to mean "in the event of." If the last clause is read, "in the event of her death all shall go to John M. Evans," then under the well established rule the devise over does not take effect unless the death of the first taker occurs in the lifetime of the testator. (*DeHaan* v. *DeHaan,* 309 Ill. 323; *Fifer* v. *Allen,* 228 id. 507.) While there is force in the argument that Richard and Mary Holland intended that the father of appellants should have whatever property the survivor of them left, there is no instrument in writing shown by this record which gives ap-

pellants any interest in the property of the Hollands, and, that being true, the courts have no authority to make the conveyance to them.

The decree of the superior court is affirmed.

*Decree affirmed.*

FARMER and DUNCAN, JJ., dissenting.