# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

MAGDALENA LACHENMYER *et al.* Appellees, *vs.* ADOLPH F.
GEHLBACH, Appellant.

*Opinion filed December 16, 1914.*

1. WILLS—*rule where devise over depends upon mere death of
first taker.* Where there is a devise *simpliciter* to one person and
in case of his death to another, there being no contingent or doubt-
ful circumstances connected with such death, it will be held that
testator intended the death of the first taker to precede his own.

2. SAME—*rule where a devise over depends upon the death of
first taker under particular circumstances.* Where there is a de-
vise *simpliciter* to one person with a devise over to another in case
of the death of the first taker under circumstances which may or
may not take place, the devise over, unless controlled by some
other provisions of the will, will take effect upon the death of the
first taker, under the circumstances specified, at any time, either
before or after the death of the testator.

3. SAME—*vested and contingent remainders defined.* A vested
remainder is one which throughout its continuance gives to the
remainder-man or his heirs the right to the immediate possession,
whenever and however the preceding estates may terminate, while
a contingent remainder is an estate which is not ready to come into
possession at any moment the prior estate may end.

4. SAME—*the law favors the vesting of estates.* A will should
be construed in view of the rule that the law favors the vesting of
estates and that they are regarded as vested unless a contrary in-
tention appears.

5. SAME—*present capacity to take effect in possession distinguishes vested from contingent remainder.* · The present capacity to take effect in possession if the possession were to ·become vacant by the termination of the preceding estate, either prematurely or by the death of the life tenant, is the quality which distinguishes a vested from a contingent remainder.

6. SAME—*when children have vested remainder subject to the executory devises over.* Where a life estate is devised to the testator's wife and after her death the land is to go to the testator's children, "share and share.alike, and shall any of my children die, then the children of such·deceased child, should any children be surviving such deceased child, to take the share of the parent so deceased; and should any of my children die leaving no issue, then the share of such deceased child shall be equally divided among my surviving children," the testator's children take a vested remainder which is subject to the executory devises over during the lifetime of the life tenant. (*Kleinhans* v. *Kleinhans,* 253 Ill. 620, and *Golladay* v. *Knock,* 235 id. 412, distinguished.)

7. SAME—*when death without issue means death before the life tenant.* If a particular estate precedes a gift over, the latter.will usually take effect if the contingency happens during the period of the preceding estate; and in such case death without issue means death before the·death of the life tenant, unless the will shows that the testator intended to refer to a later date.

8. DEEDS—*determinable quality of estate follows a conveyance thereof.* Where the testator's children are given a vestëd remainder in land subject to the life estate of the widow, and subject, also, to executory devises over to the children of any child who may die during the continuance of the life estate, and to the surviving children if any child shall die without issue during such time, any conveyance by such children is subject to the executory devises over, and the devises over are not destructible, even though the life tenant and all the children, all of whom were living when the will was made and were adults at the time of the testator's death, join in the deed.

VICKERS, J., dissenting.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

McCORMICK & MURPHY, for appellant.

KING & MILLER, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John J. Lachenmyer was the owner of 240 acres of land in Logan county and died on March 29, 1911, leaving a last will and testament, made on December 12, 1906. He left Magdalena Lachenmyer, his widow, and nine children, all of whom were living when the will was made and were adults at the time of his death. Six of the children were married and four of the six had children living at the death of the testator, and three were unmarried. The will, after providing for payment of debts and funeral expenses, by the second clause devised to the wife, Magdalena Lachenmyer, all of the property of the testator, real and personal, for and during her natural life, and the third clause was as follows:

"*Third*—After the death of my said wife all of said property and estate above mentioned and described to go to my children, share and share alike, and shall any of my children die, then the children of such deceased child, should any children be surviving such deceased child, to take the share of the parent so deceased; and should any of my children die leaving no issue, then the share of such deceased child shall be divided equally among my surviving children."

The will was admitted to probate and the estate was fully administered and the executors were discharged, after which, on July 23, 1913, the widow and children, with the wives and husbands of such of the children as were married, all of whom are appellees, entered into a contract with Adolph Gehlbach, the appellant, for the sale of 80 acres of the land for the consideration of $22,000. The appellant paid $1000 at the time the contract was executed and agreed to pay the balance on January 15, 1914. The contract required the appellees to furnish the appellant with an abstract of title to the premises showing a merchantable title, and an abstract was furnished and a warranty deed

was tendered which the appellant refused to accept. He claimed that the abstract did not show a merchantable title and he refused to pay the balance of $21,000 provided by the contract. Thereupon, on February 25, 1914, the appellees filed their bill in this case in the circuit court of Logan county alleging the above stated facts and praying for a specific performance of the contract. The appellant filed a special and general demurrer to the bill, raising the question whether the abstract showed a merchantable title, and the demurrer being overruled he elected to stand by it. The bill was taken as confessed, and a decree was entered requiring the appellant to specifically perform the contract, and this appeal is from that decree.

The question whether the chancellor erred in overruling the demurrer depends upon the construction to be given to the third clause of the will, and counsel for appellees, insisting that the facts alleged and confessed by the demurrer show that the deed tendered to the appellant would convey a good title, state the following propositions of law: First, that the widow was given a life estate with a vested remainder in the nine children, and by their conveyance a fee simple title would vest in the defendant; or, second, if a vested remainder was not devised to the children then life estates were devised to them subject to the life estate of the widow, with a contingent remainder to their children and with a reversion in fee remaining in the heirs-at-law, so that the deed from the widow and heirs-at-law vested with the reversion in fee would destroy the contingent remainder and give a fee simple title; or, third, if the will devised to the children determinable fees with executory devises over, the deed of the life tenant and all the children constituting all the members of the class of survivors and executory devisees would vest a fee simple title in the appellant. Counsel for the appellant, summarizing their position, contend, in substance, that the will gave to the widow a life estate (which is not disputed) and a

remainder to the children, with limitations over upon the death of any of the children, cutting down the fee simple to a base or determinable fee, so that the estate will go over by way of executory devise if the first taker dies without surviving issue. In giving our conclusions upon the questions so presented we do not deem it necessary to follow the precise order in which they have been stated.

The will provided that the estate should go to the children of the testator, and if any of them should die, the children of such deceased child, if any, should take the share of the parent so deceased, and if there was no issue, the share of the deceased child should be divided equally among the surviving children. One question is whether the testator referred to death in his lifetime or at any time before the death of the life tenant when the estate would vest in possession. The rule applicable is, that where there is a devise *simpliciter* to one person and in case of his death to another, there being no contingent or doubtful circumstances connected with such death, the testator will be presumed to intend a death preceding his own, but if the devise over is to take effect in case of the death of the first taker under circumstances which may or may not take place, the devise over, unless controlled by other provisions of the will, will take effect upon the death of the first taker, under the circumstances specified, either before or after the death of the testator. (*Fifer* v. *Allen,* 228 Ill. 507; *Ahlfield* v. *Curtis,* 229 id. 139.) In this case the death of any of the children was coupled with the circumstance of death without issue, which might or might not take place, and the testator referred to the death of a child at any time before the remainder should vest in possession, and upon the death of any child during the lifetime of the life tenant the share of such deceased child will go over to any child of such deceased child, or, in default of issue, to the surviving children. If a particular estate precedes a gift over, the latter will usually take effect if the contingency happens at any

time during the period of the particular estate. In such a case death without issue means death before the death of the life tenant, unless the will shows that the testator intended to refer to a later date than the termination of the life estate. (40 Cyc. 1501-1505; *Blum* v. *Evans,* 10 S. C. 56; *Howell* v. *Gifford,* 64 N. J. Eq. 180.) Under that rule the testator referred to death before the death of the life tenant, inasmuch as there are no words referring to a later date. It does not follow, however, that a life estate was devised to the children subject to the life estate of the widow, and the decision in *Kleinhans* v. *Kleinhans,* 253 Ill. 620, is not pertinent in this case. In that case the limitations were to the widow for life and after her death to the son and daughter of the testator, "and in case of their death, then to their children, only." It was decided that the devise, in case of the death of the son and daughter, to their children, only created life estates in them, which is sustained by all the authorities under the established rule that a devise to A and upon A's death to B gives only a life estate. Section 13 of the Conveyance act provides that every estate in lands which shall be devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance if a less estate be not limited by express words or does not appear to have been devised by construction or operation of law. In this case the devise to the children is not limited by express words or by construction or operation of law, and therefore it is a devise of fee simple estates of inheritance and not of life estates, either by the rule of construction or the statute.

The important question is whether the remainder devised to the children of the testator is vested and indestructible or is contingent and therefore destructible, so that a conveyance by the life tenant and the heirs-at-law seized of the reversion in fee will operate to destroy the contingent remainder and convey a good title, under the doctrine

declared in *Bond* v. *Moore,* 236 Ill. 576, *Belding* v. *Parsons,* 258 id. 422, *Barr* v. *Gardner,* 259 id. 256, and *Messer* v. *Baldwin,* 262 id. 48. The distinction between vested and contingent remainders has been pointed out by this court repeatedly, and the accepted definition of a vested remainder is given in *Brown* v. *Brown,* 247 Ill. 528, as follows: "A vested remainder is one which throughout its continuance gives to the remainder-man or his heirs the right to the immediate possession, whenever and however the preceding estates may determine." In *Carter* v. *Carter,* 234 Ill. 507, the distinguishing characteristics of vested and contingent remainders were clearly stated, and it was said that a contingent remainder "is an estate which is not ready to come into possession at any moment when the prior estate may end. On the other hand, if the estate is at any time ready to come into possession provided the prior estate should end, then it is a vested estate." The definition given by Gray in his Rule Against Perpetuities (sec. 101) is: "A remainder is vested in A when throughout its continuance A, or A and his heirs, have the right to the immediate possession, whenever and however the preceding estate may determine." The rule has also been stated quite fully as follows: "But if any estate, be it ever so small, is always ready, from its commencement to its end, to come into possession the moment the prior estates, be they what they may, happen to determine, it is then a vested remainder and recognized in law as an estate grantable by deed. It would be an estate in possession were it not that other estates have a prior claim; and their priority alone postpones, or may perhaps entirely prevent, possession being taken by the remainder-man. The gift is immediate, but the enjoyment must necessarily depend on the determination of the estates of those who have a prior right to the possession." (Williams on Real Prop. 345.)

The distinction between vested and contingent remainders had its origin in the feudal land law, which is stated in Blackstone's Commentaries, 168, note 9, as follows: "By the feudal law the freehold could not be vacant, or, as it was termed, in abeyance. There must have been a tenant to fulfill the feudal duties or returns and against whom the rights of others might be maintained. If the tenancy once became vacant, though but for one instant, the lord was warranted in entering on the lands, and the moment the particular estate ended by the cession of the tenancy, all limitations of that estate were also at an end." Kent says (4 Kent's Com. 248) : "A remainder after a particular estate of freehold might be limited upon an event which might happen after the termination of the preceding estate, so that there would ·be an interval during which the tenancy would be vacant, and in such a case no present interest would vest."

Such a remainder as depends on an event or condition which may never happen or be performed until after the determination of the preceding estate is a contingent remainder. (Fearne on Contingent Remainders, 3.) · The question in this case, therefore, is whether the remainder to the children was limited on the happening of an event which by possibility might not happen during the continuance of the preceding estate or at the instant of its determination, so that the remainder is inalienable and destructible or is vested and therefore alienable and indestructible. This question is to be considered in view of the settled rule that the law favors the vesting of estates, and they are regarded as vested unless the contrary intention is shown. ΄(*Scofield* v. *Olcott,* 120 Ill. 362; *Schaefer* v. *Schaefer,* 141 id. 337; *Chapin* v. *Crow,* 147 id. 219; *Allen* v. *McFarland,* 150 id. 455; *Harvard College* v. *Balch,* 171 id. 275; *Ayers* v. *Chicago Title and Trust Co.* 187 id. 42; *Clark* v. *Shawen,* 190 id. 47.) A test which is generally regarded as sufficient to determine the question and which has been· gen-

erally adopted is stated as follows: "If the conditional element is incorporated into the description of or into the gift to the remainder-man then the remainder is contingent, but if, after words giving a vested interest, a clause is added divesting it the remainder is vested. Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." (Gray's Rule Against Perpetuities, sec. 108.) The application of that rule to this case will fix the remainder as vested in the children of the testator. The gifts over are clearly expressed, in terms, as conditions subsequent, and no conditional limitation is incorporated into the description of or into the gift to the remainder-men. If the limitations stopped after the gifts over, so that they read, "after the death of my said wife all of said property and estate above mentioned and described to go to my children, share and share alike," there would be no doubt whatever that the remainder to the children would be vested, and during the continuance of the estate the children or their heirs-at-law would stand ready to take possession, no matter when or how the life estate might terminate. The gifts over are expressed, in terms, as conditions subsequent, in the words, "and shall any of my children die, then the children of such deceased child, should any children be surviving such deceased child, to take the share of the parent so deceased, and should any of my children die leaving no issue, then the share of such deceased child shall be divided equally among my surviving children." These limitations are not to be distinguished from the illustration given in the rule above quoted. That rule has been applied by this court in various cases. In *Smith* v. *West*, 103 Ill. 332, the court said it was urged that only a life estate having been conveyed to Mrs. West

and a remainder to the children of her body, or such as might be living at her death or the descendants of any one that might be then deceased, the fee remained in the grantor or his heirs until her death and would not vest in the remainder-men until the life estate should be expended, and hence the remainder was contingent. The court quoted from Fearne on Remainders and Kent's Commentaries and held that the remainder was vested. The children of Mrs. West were in being and the event was not uncertain, her death being certain to occur. The limitations there were practically the same as here, being to the children of Mrs. West, and if any died leaving descendants then to such descendants, or if any died without descendants then to the survivors.

In *Siddons* v. *Cockrell,* 131 Ill. 653, the limitations were to the widow of the testator during her life or widowhood, and if she should survive all his children (they having died without issue) the real estate was to go to her in fee, but in case of her death leaving any children surviving, the estate was to go to them or the heirs of any children taking their deceased parent's share. It was held that the title vested, immediately upon the death of the testator, in his children, subject to the life estate, although the enjoyment of one-third thereof was postponed until after the widow's death.

In *Ducker* v. *Burnham,* 146 Ill. 9, there was a devise, after the death of the life tenant, to the testator's five children, and it was provided that in case of the death of any of the children without issue the share of such child should be equally divided among the surviving children, and the remainder was held to be vested.

In *Hinrichsen* v. *Hinrichsen,* 172 Ill. 462, a residue was given to the widow for life and at her death to be equally divided among the testator's children, but it was provided that in case either of the testator's sons should die without leaving legal heirs of their body or heirs thereof, the estate

should go to the remaining son, and the remainder was held to be vested and not contingent on account of the condition subsequent.

In *Pingrey* v. *Rulon,* 246 Ill. 109, after the devise to the testator's daughters for their lives and the survivor of them, he limited a remainder to his four grandchildren in equal parts in fee, with this proviso: *"Provided, however,* that should any one or more of my above named grandchildren come to his or her decease without issue before taking in fee simple, that then the share or shares of such deceased grandchild or grandchildren shall be apportioned in equal parts among those of my grandchildren surviving: *But provided, also,* that if at the time of such decease my said grandchildren left issue, that then such grandchild's share shall go to his or her issue, share and share alike, in fee simple." It was afterward provided that if either of the life tenants should have other children, then the additional grandchildren should take in fee simple on the same terms as·the other grandchildren, including those born after the four who were named. It was held that the remainder was, in effect and in form, to the whole class of grandchildren and was vested.

In *Northern Trust Co.* v. *Wheaton,* 249 Ill. 606, the remainder after the life estate was limited to ten named persons, with a gift over in the event of the death of any of them before the interest·in the estate should vest in them, leaving a child or children surviving at the time said estate should vest, and then said child or children of such deceased person should take their parent's share. It was held that the remainder after the life estate was vested, there being no uncertainty as to who would take the fee, and that the remainder did not cease to be vested and become contingent because of a clause introducing the condition upon which ·it would be divested. Accordingly it was held that the share of one of the beneficiaries, Nellie E. Dicker, passed, upon her death, to her legal heirs.

In the case under consideration the gifts over after the remainder to the children cannot prevent them from taking immediate possession whenever and however the life estate of the widow may determine, because there is no expressed condition precedent to the children taking such possession that they shall survive the life tenant. There is nothing in the context which could prevent holding the remainder in the children to be vested, since there is nothing from which it can be implied that they must survive the life tenant. If the life estate should terminate prematurely, before the life tenant's death, there is nothing to prevent the remainder-men from taking possession. In such a case the fact that the gift over would take effect if any child should die before the life tenant would not prevent immediate possession, which would continue unless subsequent death before the death of the life tenant should divest the estate. It is true that the remainder-men may die before the life tenant and the remainder never vest in possession, but that is not a test whether the remainder is vested or not. "It is not the uncertainty of ever taking effect in possession that makes a remainder contingent, for to that every remainder for life or in tail expectant upon an estate for life is and must be liable, as the remainder-man may die, or die without issue, before the death of the tenant for life. The present capacity of taking effect in possession if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." (2 Cruise's Dig. 270; 2 Blackstone's Com. 169, note 10.) If the remainder-men die before the life tenant the gift over will take effect, but it will do so according to the terms of the will, cutting short the precedent interest in the children but not affecting the character of such interest.

To hold the remainder vested is in entire harmony with the decision in *Golladay* v. *Knock,* 235 Ill. 412, where a

remainder was limited to Moses Golladay after a contingent remainder to the unborn child or children of Nancy Golladay, who had no children at the time of the testator's death and upon the doubtful event of children being born to her and surviving her. The remainder to Moses Golladay was necessarily contingent, since a vested remainder can never be limited after a contingent remainder but is subject to the collateral contingency, as was there pointed out. The cases of *Boatman* v. *Boatman,* 198 Ill. 414, and *Chapin* v. *Knott,* 203 id. 341, in which remainders limited after contingent remainders were held to be vested, were overruled. In this case there is no precedent contingent remainder. The remainder-men stand ready to take possession whenever and however the life estate terminates, and if the life estate should now terminate, either prematurely or by the death of the life tenant, there is nothing to hinder the remainder-men taking possession. There is present capacity to take effect in possession if the possession were to become vacant, and it is this quality which universally distinguishes a vested remainder from one that is contingent. The estate of the children limited after the particular estate of freehold in the widow, throughout its continuance stands ready to take effect in possession whenever and however the preceding estate may determine, and there can therefore be no interval between the life estate and the remainder.

Interpreting the will in the light of established rules and having in mind the favor with which the law regards vested estates, we conclude that the testator meant to give his widow an estate for life and a vested remainder in fee to his children. The remainder to the children is, however, subject to the shifting executory devises in the event that any of them die before the life tenant's death, either leaving children who would take or without children, when the share would go to the surviving children. The gifts over if the children die, with or without children, are executory

devises, which are not destructible. The fee of the children, whether vested in interest, only, or vested in possession, in case the life estate should terminate prematurely before the life tenant's death, is subject to the executory devises over, and any conveyance by them would carry with it the limitations which will become effective upon the happening of the events specified in the will.

It follows that the abstract did not show a merchantable title, and the warranty deed tendered would not convey such a title. It was error to overrule the demurrer.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*

Mr. JUSTICE VICKERS, dissenting.