---

(No. 13330.—Reversed and remanded.)
GLEN H. McBRIDE *et al.* Appellees, *vs.* CECIL CLEMONS *et al.* Appellants.

*Opinion filed June 16, 1920—Rehearing denied October 8, 1920.*

WILLS—*when future interests of grandchildren are indestructible.* A devise of all the testator's property to his wife for her life and "at her death to be divided, share and share alike," among his five named children, "or their descendants in case of the death of any of the above five named children before the death of" the wife, "in which case the children of each heir are to receive only their parent's share," is a devise of vested remainders to the children subject to an executory devise over in the event any of them die before the death of the life tenant, and the future interests of the grandchildren are indestructible. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11, followed.)

APPEAL from the Circuit Court of Piatt county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

Carl S. Reed, guardian *ad litem,* for appellants.

Herrick & Herrick, and Leonard W. Ingham, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

Appellees, Glen H. McBride and his wife, Lea, filed their bill in chancery in the circuit court of Piatt county for partition of real estate therein described. A decree for partition as prayed was granted, and the minor defendants to the bill, by their guardian *ad litem,* have appealed to this court.

The land sought to be partitioned belonged to David T. McBride in his lifetime. He died testate August 13, 1918, and his will was duly admitted to probate, and the correctness of the decree for partition depends upon the construction to be given the second paragraph of the will.

The testator left surviving him his widow, Laura E. McBride, and five adult children, Jesse H. McBride, Bert W. McBride, Olive V. Clemons, Hattie A. Bartison and Glen H. McBride, his only heirs-at-law. The will was executed the day before testator's death, and the second paragraph is as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath all my property, both real and personal, of which I may be possessed at the time of my death, to my beloved wife, Laura E. McBride, for her use during her natural lifetime and at her death to be divided, share and share alike, among my five children, Jesse H. McBride, Bert W. McBride, Glen H. McBride, Olive V. Clemons and Hattie A. Bartison, or their descendants in case of the death of any of the above five named children before the death of Laura E. McBride, my wife, and in which case the children of each heir are to receive only their parent's share."

The bill for partition alleged the five children of the testator took by the will title to the real estate in fee simple but that a question had arisen as to the character of their estate and whether their interest was contingent upon their surviving the widow; that on August 6, 1919, the widow and the five children of testator, with their respective husbands and wives, had joined in a conveyance of the premises by warranty deed to J. B. Rinehart; that thereafter, on the next day, the widow and the five children made another warranty deed conveying the premises to the same grantee, in which it was stated that it was the intention of the grantors to convey the reversion in fee to the grantee and that the particular estate owned by him should merge with the reversion in fee thereby conveyed and be prematurely destroyed and he be vested at once with the fee simple title in possession and all contingent interests of any kind or character be thereby destroyed. August 7, 1919, Rinehart and his wife conveyed the same land by quit-claim deed to appellee Glen H. McBride, who conveyed the undivided four-fifths thereof to his brothers and sisters and then filed his bill for partition. All of the five children of the testator at the time of his death were married and all had one or more children except Glen, who has no child or children, and all of said grandchildren of the testator were with their parents made defendants. The grandchildren were all minors except one. None of the defendants answered the bill except the minor defendants, who answered by their guardian *ad litem,* and set up the claim that the devise to testator's five children was of a fee, subject to the life estate of the widow, determinable, however, upon the death of such children prior to the death of the widow, in which event the share of a deceased child would go to his or her descendants under the will. The answer alleged the interest of the minors under the will was indestructible and was not affected by the deeds mentioned. The cause was referred to the master in chancery

to hear the evidence and report his conclusions of law and fact. The master reported that the devise to the testator's five children was an estate in fee simple absolute and that the minor defendants had no interest in the land, and a decree for partition as prayed was recommended. The court overruled exceptions to the report and entered a decree for partition as recommended by the master, from which this appeal is prosecuted by the minor defendants.

It is the contention of appellants that the devise to the children of the testator was a vested interest in fee, subject to the life estate of the widow, determinable upon his or her death before the death of the widow, in which event the interest of a deceased child would go to his or her descendants by way of executory devise. Appellees contend (1) that "the will clearly upon its face" devises a fee simple estate to the five children, subject only to the life estate of the widow; (2) that the limitation after the life estate follows the Statute of Descent, is for that reason null and void, and the five children took an estate in fee simple under the Statute of Descent; (3) that if neither of these positions is correct, then the devise to the testator's children was a contingent remainder with a double aspect, which could only vest upon the death of the widow, and in that event the conveyances referred to destroyed the contingent remainders and the title became vested absolutely in the five children. The widow is still living.

It is not very often a decision construing one will is conclusive of the construction to be placed upon another will, for the reason that the language used may not be the same or substantially the same. In this case the latitude for construction is restricted, for the provision to be construed is short, its language is not involved or ambiguous, and there is no other provision of the will to be construed in connection with it or which affords aid in its construction. Language very similar in wording and meaning was

considered in construing a will in *Lachenmyer* v. *Gehlbach,* 266 Ill. 11. In that case the devise was to testator's widow for life and after her death to testator's children, share and share alike, and if any of the children died, then the children of such deceased child surviving should take the parent's share, and if any deceased child left no issue, then the deceased child's share should go to the testator's surviving children. The court said the important question in the case was whether the remainder devised to the testator's children was vested and indestructible or contingent and destructible, and after an extensive discussion of the question and the authorities it was held the children took vested remainders, subject to an executory devise over in the event any of them died before the death of the life tenant, either leaving children who would take or without children, when the share would go to the surviving children, and that the executory devises over were not destructible, and any conveyance by the children would carry with it the limitation, which will become effective upon the happening of the events specified in the will. The language of the devise in that case is so similar to the language of the devise in this case that we do not see how there can be any material distinction between them, and all that was said and the rules laid down in construing the Lachenmyer will are pertinent and applicable in construing the will in this case, which must be given the same construction this court gave the Lachenmyer will.

The decree of the circuit court must be held erroneous. It will therefore be reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.     *Reversed and remanded.*