(No. 29857—⬛⬛⬛)

EDWIN L. FREUDENSTEIN, Appellant, *vs.* L. E. BRADEN *et al.*, Appellees.—(FRANK M. SURREY, Cross Appellant.)

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

FRANK K. LEMON, of Clinton, for appellant, and WIL-LIAMS & STEVENS, for appellant on rehearing.

McMILLEN & GARMAN, and LEE BOLAND, both of Decatur, (HORACE B. GARMAN, and DONALD G. BAIRD, of counsel,) for appellees.

LEFORGEE & SAMUELS, of Decatur, (CHARLES C. LE-FORGEE, and WILLIAM M. RICE, of counsel,) for cross appellant.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Edwin L. Freudenstein filed a complaint in the circuit court of De Witt county to construe the will of John H. Miller, deceased. The plaintiff was the surviving husband of one of the children and devisees of John H. Miller, and among other things claimed that the child of his wife, who was then deceased, had a vested interest in certain property devised under the will of the said Miller, which he inherited upon the child's death, as heir. Other contentions made by him are discussed hereafter. The circuit court held such interest under the will was not vested, and the appeal comes directly to this court as a freehold is involved.

John H. Miller died November 8, 1904. He left a last will dated July 28, 1903, which was duly probated in De Witt county. He was survived by Emma Frances Rogers, Nancy M. Miller and Ida Bell Miller, his children and only heirs-at-law, who were all devisees in the will. Emma Frances Rogers later obtained a divorce from her husband, John O. Rogers, never remarried, never had any children, and died May 17, 1945. Nancy M. Miller married Frank M. Surrey. She died March 16, 1941, and her husband

survived her. She had one child, which was born December 20, 1904, and died August 5, 1907. Ida Bell Miller married Edwin L. Freudenstein in April, 1904. She died September 19, 1924, and her husband survived her. She had one child born October 10, 1908, and which died in June, 1917. Thus, Ida Bell died in 1924, Nancy M. in 1941, and Emma Frances in 1945, and no one of them left children or descendants of children surviving.

Nancy M. died testate, her property going to her husband for life, and then to the University of Chicago. Her husband renounced the will. Emma Frances Miller died testate, and after certain cash bequests, devised her property to the Decatur and Macon County Hospital Association and the James Millikin University. Certain collateral heirs were made parties, and as to them the complaint was dismissed and no appeal taken by them.

The situation at the time the complaint was filed is briefly this: Ida Bell died in 1924. Her heirs at that time were her husband, Edwin L. Freudenstein, and her two sisters, Nancy M. and Emma Frances. Nancy M. died in 1941, and her heirs were her surviving husband, Frank M. Surrey, and her sister Emma Frances. Emma Frances died in 1945, and disposed of her property by will.

The material parts of the will of John H. Miller made provision for each of the three daughters, giving them each a life interest in one hundred sixty acres of land. Clause two, except for land descriptions, is as follows: "I hereby devise and bequeath to my eldest daughter, Emma Frances Rogers, a life estate in [describing the land] in DeWitt County, Illinois, to hold and enjoy the same during the period of her natural life, but without power to sell, mortgage or in any way encumber the same, or any part thereof. At her death the remainder in said premises I devise in fee to the heirs of her body, or their descendants, per stirpes and not per capita. Should my daughter, Emma Frances, at her death have or leave no

children or descendants of children her surviving then the remainder in said tract of land is to be controlled by item number seven of this will." Paragraphs identical in form, except as to the description of the land, made provision for Nancy M. Miller and Ida Bell Miller.

Clause seven is as follows: "Should any of my children above named depart this life leaving no children or descendants of children her or them surviving, then and in that event I give, devise and bequeath the remainder in fee of the tract or tracts, bequeathed to said deceased child or children, to my children then living, and to the living heirs of those that are dead per stirpes and not per capita as tenants in common until the death of the last of my daughters above named; when said share or shares of land, in this item named, to be sold at auction after legal notice, and the money arising therefrom divided among my childrens' children equally per stirpes and not per capita." The sixth clause of the will devised the residue of the estate to the three daughters share and share alike.

Emma Frances Miller died May 17, 1945, leaving a last will and testament, and her only heirs certain first cousins, who, as pointed out above, were excluded by her will, and who were decreed by the court to have no interest, and who have not appealed.

The sole point for determination is the meaning of the will of John H. Miller, deceased. The first contention made by appellant was that the clauses making provision for Ida Bell Freudenstein and Nancy M. Surrey had the effect of giving to their respective children a vested remainder, and upon the death of such children their fathers and mothers inherited from such deceased grandchildren as heirs.

In construing wills the intention of the testator is to be ascertained. It is determined in two ways: "by ascertaining his actual meaning from the words employed, to which all rules of construction give way, and the other,

by finding his presumed intention gathered by the application of rules of construction applicable to all cases where the meaning is obscure, doubtful or uncertain." *Smith* v. *Shepard,* 370 Ill. 491.

A careful reading of the will indicates, taking one of the children for example, that the deceased intended such child to have a life estate, with no power of disposition, and the fee to vest in a child or a descendant of a child if one survived the mother, and in case there was no such child or children surviving the parent's death, it was then to go for life to the surviving sisters, or to the living heirs of such sisters, and upon the death of the last sister the property was to be sold and the proceeds divided among the testator's children's children. The facts disclosed above indicate that the last provision could not be effective because none of the children died leaving surviving children.

If the remainders were vested in each grandchild when born as an indefeasible fee the surviving husbands of the two devisees who had children, would have a substantial interest in the present property, because, for instance, the father and mother of the Freudenstein child, upon its death would each become entitled to one half of that particular share, and upon the devisee (mother) dying the husband would become an heir to one half of such interest, thereby giving him a three-fourths' interest in such tract of land, and the interest of the two remaining sisters in such particular tract would be thereby diminished. The situation of Frank M. Surrey was exactly the same as that of Freudenstein.

The first important consideration is to determine whether a vested remainder was created in the children of Ida Bell Freudenstein and Nancy M. Surrey. A remainder is vested if throughout its continuance it gives to the remainderman, or his heirs, the right to the immediate possession whenever and however the preceding estate may determine. *Crowley* v. *Engelke,* 394 Ill. 264; *Brown* v. *Brown,* 247 Ill.

528; *Lachenmyer* v. *Gehlbach,* 266 Ill. 11; *Fleshner* v. *Fleshner,* 378 Ill. 536.

The will provides: "Should my daughter, * * * at her death have or leave no children or descendants of children her surviving then the remainder in said tract of land is to be controlled by item number seven of this will." In *Hauser* v. *Power,* 356 Ill. 521, we held that where there was a devise to a life tenant with remainder to the heirs of the body, with certain alternative remainders, the life tenant could not inherit from an heir of her body, who died before she did. And in *Fisher* v. *Easton,* 299 Ill. 293, we held that a will which gave a life estate to a child, with remainder to the heirs of her body, and in case there were no heirs of her body then to a sister, created an alternate contingent remainder, depending upon whether an heir of the body or no heir of the body survived.

Almost an exact parallel is presented by *Ortgiesen* v. *Ackerman,* 311 Ill. 492. The will in that case provided in substance a gift to the daughter, Mahala, for life only, and after the death of Mahala to the heirs of her body, and in default of heirs of the body living at the time of the death of said Mahala, then to the brothers and sisters of the said Mahala, and to their heirs and assigns forever. The points of similarity are: First, it gives a life estate; second, after the death it goes to the heirs of the body of Mahala; third, if no heirs survived Mahala then to the brothers and sisters. We held in that case the intention of the testator was to limit the remainder to the issue of Mahala living at the date of her death, and, if there were none, to her brothers and sisters, and that there was no present devise to the heirs of the body of Mahala with a condition subsequent upon which the remainder might be defeated, but that the condition was incorporated in the description of the remaindermen and the gift to them, and therefore it could not be determined until the death of

Mahala whether there would be any surviving heirs to take the remainder.

Cases such as *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, are relied upon by appellants. The distinction between such cases as the *Lachenmyer case* and the instant case lies in whether the conditional element is incorporated in the description of the gift to the remainderman. If it is so incorporated the remainder is contingent. If it is not it may be a fee, or a conditional fee, as the facts of the case disclose. In the *Lachenmyer case* the gift was to the wife for life, and at her death to the children share and share alike, and, in case of death of such a child, a gift over. The court first held the death referred to was that of the wife. It next held the conditional element was not incorporated in the gift, but that the gift over was expressed in terms of condition subsequent, and therefore was not contingent. In the same discussion it approves the rule that a devise to A for life, with remainder to such of his children as survive him, will be a contingent remainder. Thus understood *Lachenmyer* is not contrary to, but is in accord with, the rule.

In *Fleshner* v. *Fleshner,* 378 Ill. 536, we said: "If the devise be to A for life, remainder to such of his children as survive him, the remainder is contingent." The same rule is announced in *Campbell* v. *Campbell,* 380 Ill. 22. In *Martin* v. *Casner,* 383 Ill. 260, the will devised the fee "unto the children of the body of my said children surviving per capita and not per stirpes," and it was held "An estate is contingent when a right of enjoyment is to accrue on an event which is dubious and uncertain." The remainder was held contingent.

These cases are conclusive against the contention that the remainder was vested. We hold that it was not vested, and that this part of the will created a contingent remainder with a double aspect, the result of which could be deter-

mined only after the respective deaths of Nancy M. Surrey and Ida Bell Freudenstein.

Nancy M. Surrey and Ida Bell Freudenstein both died leaving no heirs of the body surviving them, and thus each share became subject to the provision of clause seven, *viz.,* —"then and in that event I give, devise and bequeath the remainder in fee of the tract or tracts, bequeathed to said deceased child or children, to my *children then living,* and to the living heirs of those that are dead * * * as tenants in common until the death of the last of my daughters above named."

Appellant raises the question whether Freudenstein and Surrey are entitled to participate in the life estates pending the death of the last survivor under clause seven of the will. Specifically, appellant contends that the husbands of Ida Bell Freudenstein and Nancy M. Surrey come within the term "living heirs" of their respective spouses, entitling them to a life estate in one half of such spouses' specific devises until the death of the last survivor.

The word "heirs" as used in a will is frequently interpreted so as to conform to the intention manifested by the testator. In *Potter* v. *Potter,* 306 Ill. 37, where the words of the will were "to our living children or to their living heirs," we held the surviving spouse of a deceased child was entitled to take. On the other hand, we have said "It has frequently been held by this court that the word 'heirs' in a will does not necessarily have a fixed meaning. It may mean children. If it may mean children it may also, where there are no children, mean some other one class of heirs (not including all of the heirs,) if the context of the entire will plainly shows such to have been the purpose of the testator." *Black* v. *James,* 264 Ill. 548. See, also, *In re Estate of Fahnestock,* 384 Ill. 26.

What, then, was the intention of the testator here? It seems he meant the land should remain in the possession of his descendants and that none other should share it.

Clause seven provided the ultimate distribution to go to the "children's children," if not previously vested under other clauses. Clause seven created a class of "children living" and "living heirs" of children dead. It might well be one daughter would die without descendants and another die with descendants, which latter would come strictly within the description, while such child's father would not. It would appear that in view of the previous express provisions limiting the enjoyment to persons who would be descendants, or at least heirs of the blood, it would be violative of the whole tenor of the will to hold the husbands of Ida Bell and Nancy M. came within the class the testator intended to benefit under clause seven. We accordingly hold they did not come within the class designated as "living heirs" of a deceased daughter.

Some other questions, not argued or contained in the briefs, occur to us, but we have disposed of only those contained in the briefs; and we express no opinion or decide no question other than expressly set forth herein.

The decree of the circuit court of De Witt county is affirmed.

*Decree affirmed.*